

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

February 6, 1992

Honorable James Warren Smith, Jr.
Frio County Attorney
P. O. Box V
Pearsall, Texas 78061-1138

Opinion No. DM-87

Re: Responsibility for transporting juveniles between juvenile court and the county's juvenile detention center, and related questions (RQ-35)

Dear Mr. Smith:

You have requested our opinion as to the responsibility for transporting juveniles between the Frio County Juvenile Court and the county's juvenile detention center. Frio County has a juvenile board consisting of the Frio County judge and the two district judges whose districts encompass Frio County. See Hum. Res. Code § 152.0881. The juvenile court of Frio County sits in the town of Pearsall, but the county's juvenile detention center is located in Jourdanton, Atascosa County, about 40 miles distant. You state that a juvenile who is scheduled to appear in court must be transported from the detention facility by a peace officer, and in the case of a juvenile female, an adult female must accompany the party. You indicate that one constable has for many years assumed this burden, and that he is now requesting the commissioners court to require the other constables to share such duties. You first ask who is responsible for the transportation of defendants to and from juvenile court.

No statute fixes any mandatory responsibility on any person or entity for the transportation of juvenile defendants. A proceeding against a child alleged to have engaged in delinquent conduct or in conduct indicating a need for supervision must be initiated in juvenile court by a prosecuting attorney. Family Code § 53.04(a). The court is required to direct issuance of summons to, inter alia, "the child named in the petition." Id. § 53.06(a). Section 53.07(d) of the Family Code provides that

> [t]he court may authorize payment from the general funds of the
> county of the costs of service and of necessary travel expenses

p. 441

> incurred by persons summoned or otherwise required to appear
> at the hearing.

In our opinion, this provision is sufficiently broad to encompass the transportation expenses of a law enforcement officer required to accompany a juvenile to a hearing.[1]

You also ask whether the Frio County judge may compel the sheriff or constables, or their deputies, either to transport juveniles or to act as bailiff in juvenile court. Such duties are not among those listed for the office of sheriff or constable. A constable is required by statute to attend justice court in his precinct, but neither he nor a sheriff has any duty with regard to the juvenile court. Ir Attorney General Opinion H-169 (1973), this office said that a sheriff is responsib.. for transporting adult prisoners from a city to a county jail on the basis of article 2.18 of the Code of Criminal Procedure. Juvenile proceedings are civil in nature, however, and laws governing criminal procedure have no application to proceedings in juvenile court. Family Code § 51.17. Finally, we note that the offices of both sheriff and constable constitute independently elected positions. Absent clear statutory or constitutional authority of which there is none, it would be anomalous to conclude that a county judge was authorized to require a sheriff or constable to transport individuals to and from juvenile court.

Your last question is whether the Frio County Commissioners Court may expend funds for transportation of juveniles when such .expenditures were not provided for in the annual budget.

Subchapter A of chapter 111, Local Government Code, details the procedures for adoption of a budget in counties of less than 225,000 population. Section 111.010 provides, in pertinent part:

> (b) After final approval of the budget, the commissioners
> court may spend county funds only in strict compliance with the
> budget, except in an emergency.

---

[1]Although section 152.0004 of the Human Resources Code authorizes a commissioners court to pay "other expenses certified as necessary by the juvenile board chairman from the general funds of the county," that section is specifically made inapplicable to Frio County by section 152.0881(c) of the Human Resources Code.

(c) The commissioners court may authorize an emergency expenditure as an amendment to the original budget only in a case of grave public necessity to meet an unusual and unforeseen condition that could not have been included in the original budget through the use of reasonably diligent thought and attention. If the court amends the original budget to meet an emergency, the court shall file a copy of its order amending the budget with the county clerk, and the clerk shall attach the copy to the original budget.

A determination of what constitutes a "grave public necessity" is largely a question of fact which must be made by the commissioners court, but it should be noted that in the one reported case, the court disallowed the commissioners' finding. *See Bexar County v. Hatley*, 150 S.W.2d 980 (Tex. 1941); *see also* Attorney General Opinions O-5184 (1943); O-4127 (1941); O-2498 (1940). If the commissioners court is willing to *transfer* the necessary amount from another "budgeted item," it may do so without authorizing an emergency expenditure, according to the terms of section 111.010(d) of the Local Government Code.

## SUMMARY

A county judge is not expressly empowered to order a sheriff or constable to transport persons to and from juvenile court. Unless it transfers the amount from another budgeted item, a county of less than 225,000 population may amend its budget to provide funds for transportation of juveniles only if the commissioners court finds that there exists a "grave public necessity to meet an unusual and unforeseen condition that could not have been included in the original budget through the use of reasonably diligent thought and attention."

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General